## Charles Kerr v. Joseph S. Thompson, Adm., etc.

1. VERDICTS—*Where the Evidence is Conflicting.*—Where the evidence upon the vital points at issue is conflicting, and the jury seem to have fairly and impartially considered it, the verdict will not be disturbed.

Memorandum.—Assumpsit.   In the Circuit Court of Sangamon County; the Hon. R. B. SHIRLEY. Judge, presiding.   Trial by jury; verdict and judgment for plaintiff; appeal by defendant.   Heard in this court at the May term, 1894, and affirmed.   Opinion filed October 29, 1894.

JOHN C. SNIGG and WILLIAM L. GROSS, attorneys for appellant.

ORENDORFF & PATTON, attorneys for appellee.

MR. JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

Appellee's intestate was a pension claim attorney and at the time of his death had many claims of that character pending for settlement before the pension bureau of the government at Washington.

The appellee had served the deceased as chief clerk for many years, and had much experience in and knowledge of the business of establishing claims for pensions.   He had not, however, been admitted to practice as an attorney or pension agent, or registered as such according to the requirements of the pension bureau, and could not appear and prosecute to completion the pending claims as he desired, in the interest of the estate, to do.

The appellant was a pension attorney duly authorized to present and prosecute claims of that character.

An arrangement was effected between the appellant and appellee by which the claims that the deceased had pending and incomplete were completed in the name of the appellant as attorney.

It is as to the details of this arrangement that the parties disagree. The appellee insists that it was agreed that the claims should be prosecuted in the name of the appellant, but that his connection therewith was merely nominal; that the work and duties devolving upon an attorney in the cases were to be and were performed by himself (the appellee) and that the appellant agreed that his name as attorney might be used by the appellee as administrator for the use of the estate without compensation.

The appellant denied that the appellee had performed the work required of an attorney in the cases or that he had agreed that his name as attorney and right to practice in the pension office might be availed of by the administrator without compensation. He insisted that he, as attorney, had general charge of the cases, and was frequently consulted in relation thereto, and often advised and directed the course proper to be pursued; that the appellee was practically his clerk, as he had been for the deceased.

The appellant testified that there was no agreement whatever as to the compensation to be allowed him except that, to quote his words, " we both spoke in different conversations that until General Mather's (the deceased) honest debts were paid, that compensation should not be in full."

Drafts for the fees of an attorney in the cases, amounting in the aggregate to $2,045, were mailed by the officials of the pension bureau to the appellant. He delivered certain of the drafts to the appellee, but retained a number of them. The amount so retained was $802.50. The appellee, as administrator, brought this, an action in assumpsit, to recover the amount so retained. An issue of fact as to whether the appellant delivered to appellee certain drafts for fees, five in number, also arose for determination. The appellant asserted that he had so delivered the draft, which the appellee denied.

The jury returned a verdict against the appellant in the sum of $567.50, upon which the court rendered judgment and the appellant appealed.

No point of law is presented.

The only complaint is the alleged insufficiency of the evidence to support the verdict.

We have carefully read the evidence as presented in the abstract and considered the argument of counsel thereon.

The evidence was conflicting upon vital points at issue. The jury seem to have fairly and impartially considered it, and we think there is nothing to justify us in declaring that the conclusion reached by the jury was manifestly against the weight thereof. Hence the judgment must be and is affirmed.